UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF                                                                    PLAINTIFF
AMERICA,


V.                                                    CIVIL ACTION NO. 1:20-MC-00320-LG-RPM


3M COMPANY,                                                                         DEFENDANT


**MEMORANDUM OPINION AND ORDER**

**I.      Background**

The present controversy arises from ongoing multidistrict litigation, *In re 3M Combat Arms Earplugs Products Liability Litigation*, Case No. 3:19-MD-2885-MCR-GRJ, in the United States District Court for the Northern District of Florida before District Judge Margaret Rodgers. Doc. [4], at 1–2. The underlying case arises from allegations that defective Combat Arms Earplugs Version 2 ("CAEv2") were issued to servicemen and women in the U.S. Armed Forces and caused them to sustain serious injuries during military service, including hearing loss and tinnitus. Doc. [1].

On October 6, 2020,[1] an amended subpoena was issued by the Northern District of Florida on nonparty James Davis, Au.D ("Davis"), requiring him to submit to a remote deposition in Long Beach, MS on October 9, 2020. *Id.*, Ex. 2. Davis is a resident of nearby city, Gulfport, MS. Doc. [6], at 2. On October 8, 2020, the United States of America ("U.S.") filed a motion to quash the amended subpoena with this Court. Doc. [1], at 1. On that date, this Court stayed the October 9, 2020 deposition pending resolution of the motion to quash. Doc. [3]. On October 13, 2020,

---

[1] The original subpoena was issued on September 24, 2020. Doc. [1], Ex. 1. Davis was served with that subpoena on September 28, 2020. *Id.*, at 1.

defendant 3M Company ("3M") filed a motion to transfer the dispute to the Northern District of Florida pursuant to Rule 45(f) of the Federal Rules of Civil Procedure. Doc. [4]. 3M also filed opposition to the U.S.'s motion to quash. *Ibid.* For following reasons, this Court transfers the motion to quash to the Northern District of Florida.

## II.    Analysis

### A. Law

A subpoena seeking to depose an individual must be issued "from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). A timely motion to quash or modify that subpoena, however, must be made in the district where the subpoenaed individual is located. Fed. R. Civ. P. 45(d)(3)(A). In 2013, Subsection (f) of Rule 45[2] was added to "explicitly permit the transfer of subpoena-related motions from the court where compliance is required to the issuing court." *E4 Strategic Solutions, Inc. v. Pebble Limited Partnership*, SA MC 15-00022-DOC (DFMx), 2015 WL 12746706, at *2 (C.D. Cal. Oct. 23, 2015) (quoting *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala. 2014)). A reviewing court may consider a Rule 45(f) motion to transfer before a motion to quash, even if that motion to quash was filed first. *See, e.g., XY, LLC v. Trans Ova Genetics, L.C.*, 307 F.R.D. 10, 12–13 (D.D.C. 2014); *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34–35 (D.D.C. 2014); *In re Niaspan Antitrust Litigation*, Civil No.

---

[2] In full, Rule 45(f) states:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

> [Fed. R. Civ. P. 45(f).]

JKB–15–1208, 2015 WL 3407543, at *1 (D. Md. May 26, 2015). This Court begins with the motion to transfer.

Under Rule 45(f), a motion to quash can be transferred to the issuing court if (i) the person or entity subject to the subpoena consents to the transfer or (ii) there are "exceptional circumstances" present. Fed. R. Civ. P. 45(f). Where, like here, there is no consent, the party seeking transfer "bears the burden of showing that . . . [exceptional] circumstances are present." Fed. R. Civ. P. 45(f), advisory committee notes (2013 amendments).

Next, while the touchstone of the test is "exceptional circumstances" in Rule 45(f), the Advisory Committee notes and most courts have recognized that "exceptional circumstances" has a slightly different meaning in the context of a Rule 45(f) motion to transfer than may otherwise be ascribed to it. *See, e.g.*, *Wultz v. Bank of China*, 304 F.R.D. 38, 46–47 (D.D.C. 2014). *See also Hernandez v. Ocwen Loan Servicing, LLC*, No. 17-80525-cv-MARRA/MATTHEWMAN, 2018 WL 2298348, at *2 (S.D. Fla. May 21, 2018); *In re Niaspan Antitrust Litigation*, 2015 WL 3407543, at *1; *Argento v. Sylvania Lighting Services Corp.*, No. 2:15–cv–01277–JAD–NJK, 2015 WL 4918065, at *4 (D. Nev. Aug. 18, 2015); *FTC v. A+ Fin. Ctr., LLC*, No. 1:13–mc–50, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013). With limited exception, courts have applied a balancing test when determining whether "exceptional circumstances" exist and warrant transferring a motion to quash to the issuing court. *See In re Disposable Contact Lens Antitrust Litigation*, 306 F.Supp.3d 372, 375 (D.D.C. 2017) (noting that the phrase "exceptional circumstances" is not defined and Advisory Counsel Notes suggest a "careful[] balancing"). Cf. *Woods*, 303 F.R.D. at 407.

Following the great weight of case law, the Court is, thus, tasked with balancing the "prime concern" of "avoid[ing] burdens on local nonparties subject to subpoenas" with the "interests in

ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." *Judicial Watch, Inc.*, 307 F.R.D. at 34. Over time, courts have identified several relevant local considerations in balancing, which include (i) whether the subpoenaed non-party is a local resident, *Cellular Communications Equipment, LLC v. HTC Corporation*, No. 15cv2373–JAH–MDD, 2015 WL 12570944, at *1 (S.D. Cal. Dec. 16, 2015) (finding location of non-party headquarters relevant); (ii) whether the local resident is an individual or entity, *XY, LLC*, 307 F.R.D. at 12–13; and (iii) whether the local non-party would suffer an "undue burden or cost" by litigating in another district, *Judicial Watch, Inc.*, 307 F.R.D. at 34–35.

On the other hand, courts have identified various factors that weigh in favor of a Rule 45(f) transfer, including (i) when the underlying litigation is "highly complex," *Wultz*, 304 F.R.D. at 46–47; (ii) when transferring the matter "avoid[s] inconsistent outcomes," *A+ Fin. Ctr., LLC*, 2013 WL 6388539, at *3; (iii)  considerations of judicial economy, *In re UBS Financial Services, Inc. of Puerto Rico Securities Litigation*, 113 F.Supp.3d 286, 288 (D.D.C. 2015); and (iv) avoiding disruption of the underlying litigation, *In re Disposable Contact Lens Antitrust Litigation*, 306 F.Supp.3d at 375–76. The concern over inconsistent outcomes is considered a particularly strong factor where the subpoena arises from multidistrict litigation. *See*, *e.g.*, *In re Niaspan Antitrust Litigation*, 2015 WL 3407543, at *1.

## B.  Application

Here, the amended subpoena was properly issued by the Northern District of Florida and is properly being challenged in this Court. *See*, *e.g.*, Doc. [1], Ex. 2. Turning to the "exceptional circumstances" test, the balance of the factors weighs heavily in favor of transferring the motion to quash to the issuing court. First, the underlying litigation, *In re 3M Combat Arms Earplugs Products Liability Litigation*, Case No.  3:19-MD-2885-MCR-GRJ, is complex multidistrict

litigation. Doc. [4], at 1–2. The underlying case involves allegations that sophisticated, military-grade earplugs malfunctioned, includes more than 200,000 plaintiffs, and has bellwether trials involving 24 plaintiffs on the horizon. *See*, *e.g.*, *XY, LLC*, 307 F.R.D. at 12 (finding patent litigation complex). With these trials on the horizon, the Court would also risk upending the smooth litigation process in the Northern District of Florida. *See*, *e.g.*, *In re Disposable Contact Lens Antitrust Litigation*, 306 F.Supp.3d at 375–76.  Moreover, there are at least 10 similar government-related subpoenas sent to other districts throughout the country, including several audiologists that have similarly filed motions to quash. *See*, *e.g.*, Doc. [4], Ex. A–C. Indeed, Judge Rodgers appointed Special Master Judge David Herndon (ret.) to "help facilitate and manage" Department of Defense and Department of Justice-related discovery issues in the underlying case. *Id.*, Ex. E. By entertaining the motion to quash, then, this Court runs the serious risk of both inconsistent results on similar issues and piecemeal rulings. *Compare* Doc. [1], *with* Doc. [4], Ex. L. Finally, this case has been in front of District Judge Rodgers for more than a year and a half, making considerations of judicial economy weigh in favor transferring the case back. *See*, *e.g.*, Doc. [4], at Ex. I, Ex. L.

On the other hand, the Court recognizes that Davis is an individual, which gives some weight to local adjudication. Doc. [1], at 1. Nonetheless, Davis is being represented by the U.S., presumably at no expense of his own, minimizing any potential undue costs to him by litigating this case in front of the issuing court. *Judicial Watch, Inc.*, 307 F.R.D. at 34–35. Similarly, the amended subpoena, if upheld, would only require that Davis is remotely deposed nearby in Long Beach, MS, Doc. [1], Ex. 2, a mitigating factor when deciding whether to transfer, *Judicial Watch, Inc.*, 307 F.R.D. at 34–35. Beyond the fact that Davis is located in Gulfport, the U.S. is only able

to identify reasons that may hold water on the motion to quash, such as the deposition being unnecessary or generally disruptive, but are quite peripheral in the present. *See* Doc. [6], at 2–3.

Ultimately, balancing the above weighs heavily in favor of a finding of "exceptional circumstances" and make transfer to the Northern District of Florida appropriate in this matter.

### III.     Conclusion

The Clerk is directed to transfer the motion to quash to the United States District Court for the Northern District of Florida for disposition in connection with *In re 3M Combat Arms Earplugs Products Liability Litigation*, Case No. 3:19-MD-2885-MCR-GRJ. There being no other matters requiring this Court's attention, upon transfer of the motion to quash, the Clerk is also directed to close this miscellaneous proceeding.

SO ORDERED AND ADJUDGED, this the 10th day of November 2020.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE